UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-cv-81016-RNS

LISA ROHDY,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

_____/

### DEFENDANT'S PARTIAL MOTION TO DISMISS, ALONG WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW, Defendant Wal-Mart Stores, Inc. (now Walmart Inc., hereinafter "Walmart"), by and through its undersigned counsel, and files its Partial Motion to Dismiss Plaintiff's Second Amended Complaint and memorandum of law in support thereof and states as follows:

**I.     INTRODUCTION**

This is Plaintiff Lisa Rohdy's ("Plaintiff") sixth attempt over 18 years to establish some wrongdoing by Walmart after a series of failed attempts to bring her claims in class actions and mass joinder.[1] And, she fails yet again. As discussed below, Plaintiff's Second Amended Complaint is fraught with generalities and conclusions regarding her disparate treatment pay claim and provides no details applicable to her own alleged pay disparities. Indeed, Plaintiff's Second

---

[1] Plaintiff was first a member of the nationwide *Dukes* class, which was ultimately decertified by the Supreme Court. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Plaintiff was then a member of the regional putative class action *Love v. Walmart*, which this Court ultimately dismissed on the basis that the claims were untimely. *See Love v. Walmart*, 2013 WL 5434565, at *2-3 (S.D. Fla. Sept. 23, 2013). Plaintiff then attempted to join *Forbes v. Walmart*, which is pending before this Court, but then filed a complaint along with 33 other plaintiffs against Walmart. *See Radtka v. Wal-Mart Stores, Inc.*, 9:19-cv-80153-RNS (S.D. Fla. 2019). Plaintiff then filed an Amended Complaint in her individual case as a result of this Court's order granting Walmart's motion to sever the plaintiffs in *Radtka*. Plaintiff has abandoned her disparate impact claim and alleges only disparate treatment in pay and promotion in the Second Amended Complaint. DE 18.

Amended Complaint contains scant allegations related to her disparate treatment pay claim. Instead, Plaintiff continues to reiterate (in both the Second Amended Complaint and the Factual Background, Procedural Posture, and Wal-Mart Corporate Policies document attached thereto as Exhibit 1) the failed joined allegations from *Radtka* and class claims from *Dukes* (and *Love* and *Forbes*) without regard to whether or how they relate to her, if at all.[2] DE 18, Ex. 1.

## II. LEGAL ARGUMENT

### A. Applicable Pleading Standards

Dismissal for failure to state a claim is proper if the factual allegations are not "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

### B. The Second Amended Complaint Does Not Satisfy The Minimum Requirements Of *Iqbal/Twombly* With Respect To A Claim Of Disparate Treatment In Pay

"'[T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Harding v. NCL (Bahamas) Ltd.*, 90 F. Supp. 3d 1305, 1307 (S.D. Fla. 2015) (Scola, J.) (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff must articulate 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). An employment discrimination case "must meet the 'plausibility standard' of *Twombly* and *Iqbal*.'" *Eldredge v. EDCare Mgmt., Inc.*, Nos. 13–61373–Civ, 12–61984, 2014 WL 590336, *2 (S.D. Fla. Feb. 14, 2014) (Scola, J.) (quoting *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir.2011)).

> A plaintiff may meet this standard by alleging facts showing that similarly-situated employees outside of the protected class were treated more favorably

---

[2] In this respect, Plaintiff's Complaint is a "shotgun pleading," because it fails to give Walmart adequate notice of the basis of her claims. *See Davis v. Infinity Ins. Co.*, No. 2:15-cv-01111, 2016 WL 4507122, *18 (N.D. Ala. Aug. 29, 2016) (a shotgun pleading "fail[s] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"); *Arrington v. Green*, -- F. App'x --, 2018 WL 63262190, *1 (11th Cir. 2018) ("we 'have little tolerance for shotgun pleadings'"); *Byrd v. Time Warner, Inc.*, No. 1:18-CV-00271-MHC-CMS (N.D. Ga. Aug. 15, 2018) (recommending dismissal of disparate impact claim that incorporated wide range of employment practices into every claim without delineation as a shotgun pleading that made no attempt to cure deficiencies identified in prior failed class action), *report and recommendation adopted* (Sept. 7, 2018).

> with respect to an employment decision. In order to make a valid comparison, the plaintiff must show that [s]he and the comparators are similarly situated in all relevant respects.

*Hollant v. City of N. Miami, Fla.*, No. 17-24197-Civ-Scola, 2018 WL 3448096, *7 (S.D. Fla. July 17, 2018) (internal quotations and citations omitted).[3] Only well-pled facts, not the mere suggestion of discrimination, can satisfy the pleading standard of Rule 8. "A federal complaint is not the place for insinuation. . . Subtle hints will not do." *Eldredge*, 2014 WL 590336 at *2. Neither the defendant nor the Court "can adequately evaluate this case without knowing how [Plaintiff] is framing her claims." *Id.* (dismissing discrimination claim where context in which claim arose was unclear, plaintiff failed to allege she was qualified for a position she could have transferred to, and she failed to allege her comparator held "the exact same position").

Plaintiff fails to state a claim for pay discrimination. To state a claim for disparate treatment with respect to pay,

> a plaintiff must establish that (1) she belongs to a [protected class]; (2) she received low wages; (3) similarly situated comparators outside the protected class received higher compensation; and (4) she was qualified to receive the higher wage. The comparators must perform jobs similar to the plaintiff's; thus, the plaintiff must show that, in her job, she "shared the same type of tasks" as the comparators.

*Cooper v. S. Co.,* 390 F.3d 695, 734–35 (11th Cir. 2004), *rev'd in part on other grounds*, *Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006); *see also Jenkins v. Koch Foods, Inc.*, No. 2:17-cv-364-MHT-DAB, 2017 WL 7370917, *3 (M.D. Ala. Dec. 27, 2017) (dismissing pay claim where complaint and EEOC charge failed to include facts to support *prima facie* case).

In the Second Amended Complaint, Plaintiff makes the following speculative and conclusory allegations related to her individual pay claim:

> 45. Ms. Rohdy believes she was paid less than other similarly situated men during her employment within Region 10.

> 46. Specifically, Ms. Rohdy learned during employment that men were paid more than women, like when men were offered starting pay for positions into the meat department, they were offered as much as $17 to $18 per hour, whereas the women were offered approximately $9 per hour.

> 48. Wal-Mart denied Plaintiff pay equal to that earned by similarly situated men, on the basis of gender.

---

[3] For two employees to be "similarly situated" they must be "similarly situated in all material respects." *Lewis v. City of Union City*, 918 F.3d 1213, 1226 (11th Cir. 2019).

> 63. Ms. Rohdy contends she was paid less than other similarly situated men during her employment within Region 10.
>
> 64. Ms. Rohdy contends Wal-Mart was aware of the discriminatory pay, treatment and the obvious disparity of females in managerial roles.

These conclusory allegations are insufficient to demonstrate Plaintiff personally suffered disparate treatment based on pay, *i.e.*, that any male comparator who was similarly situated to Plaintiff was actually paid more than she was for the same work.[4] Indeed, aside from her own speculation and unsupported conclusions, Plaintiff does not allege *she* was ever paid less than any similarly situated male employee for the same or similar work which she must do to state a claim. *See Cooper v. S. Co.,* 390 F.3d 695, 734–35 (11th Cir. 2004), *rev'd in part on other grounds*, *Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006). Nor does Plaintiff allege she ever worked in the meat department, the only example she provides in support of her sweeping allegations. Instead, Plaintiff alleges at some undisclosed time during her employment – 7 years of which is before the relevant time period – men in unidentified positions within the meat department were paid more than females in undisclosed positions within the meat department. Plaintiff has had multiple opportunities to allege specific, discrete facts in support of her disparate treatment pay claim, and she still alleges nothing more than threadbare, conclusory statements devoid of any facts related to her own claim. Pleading vague beliefs and contentions, without more, is insufficient to withstand dismissal. *See Watts v. Ford Motor Co.*, 519 Fed. App'x 584, 586 (11th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678). As a result, Plaintiff's disparate treatment pay claim, which amounts to nothing more than a formulaic recitation of the claim's requisite elements, must be dismissed pursuant to Rule 12(b)(6). *See Twombly*, 550 U.S. at 570 (to survive a motion to dismiss, plaintiffs must allege actual facts that "nudge[] their claims across the line from conceivable to plausible").

Plaintiff's reliance on general allegations regarding Walmart's alleged gender discrimination in compensation and disparate employment practices, including women on average being paid less or problems with its hourly compensation system (DE 18 at ¶¶ 16, 25, 32, 33), does not save Plaintiff's disparate treatment pay claim from dismissal. These same factual allegations were similarly alleged in other matters dismissed by this Court. *See, e.g., Stump-Wolfe v. Wal-Mart*

---

[4] The Second Amended Complaint does not allege any direct evidence of discrimination against Plaintiff with respect to her disparate treatment pay claim.

4

*Stores, Inc.*, No. 19-80972-RNS, DE 19 at 4 (holding "nothing . . . including the 'me too' evidence . . . would enable the Court to plausibly infer that Walmart discriminated against Stump-Wolfe herself"); *Colson v. Wal-Mart Stores, Inc.*, No. 19-80986-RNS, DE 23. As this Court recognized in *Colson*:

> While "proof that an employer engaged in a pattern or practice of discrimination may be of substantial help in demonstrating an employer's liability in the individual case[,] such proof cannot relieve the plaintiff of the need to establish each element of his or her claim." *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 149 (2d Cir. 2012).

The same logic applies here. Just like Colson and Stump-Wolfe, Plaintiff has failed to show she herself experienced pay discrimination – or pay disparity. Likewise, Plaintiff has not tied the purported pattern and practice of discrimination she alleges exists within Walmart to any alleged discrimination she alleges she personally encountered. Therefore, Plaintiff's claim for disparate treatment with respect to pay must be dismissed pursuant to Rule 12(b)(6).[5]

### III. CONCLUSION

For these reasons, Walmart respectfully requests this Court dismiss Plaintiff's disparate treatment pay claim as set forth in the Second Amended Complaint pursuant to Rule12(b)(6), Federal Rules of Civil Procedure.

---

[5] Plaintiff attempts to maintain a pay discrimination claim asserted by the class in *Dukes* even though she herself can state no claim, in the hopes she might find something in discovery to support it. But, Plaintiff is not entitled to discovery if she cannot first state a claim. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Dated this 13th day of November, 2019

Respectfully submitted,

/s/Scott A. Forman
Scott A. Forman (FL Bar No. 0065950)
Email: SForman@littler.com
LITTLER MENDELSON, P.C.
333 S.E. 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: 305.400.7511
Facsimile: 305.603.2552

Kimberly J. Doud (FL Bar No. 523771)
Email: KDoud@littler.com
Nancy A. Johnson (FL Bar No. 0597562)
Email: NAJohnson@littler.com
LITTLER MENDELSON, P.C.
111 North Orange Avenue, Suite 1750
Orlando, Florida 32801
Telephone: (407) 393-2900
Facsimile: (407) 393-2929

*Attorneys for Defendant Walmart Inc.*

## CERTIFICATION OF SERVICE

I hereby certify that on this 13th day of November, 2019, the foregoing was electronically filed with the Clerk of Court using CM/ECF, and the foregoing document is being served on all counsel of record identified on the attached Service List by operation of the Court's electronic filing system.

/s/ Scott A. Forman
Scott A. Forman

**SERVICE LIST**

**Counsel for Plaintiffs**

Lindsey Wagner, Esq.
LWagner@scottwagnerlaw.com
Cathleen Scott, Esq.
CScott@scottwagnerlaw.com
SCOTT WAGNER AND ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard, Suite 104
Jupiter, FL 33458

Leslie M. Kroeger, Esq.
LKroeger@cohenmilstein.com
Diana L. Martin, Esq.
DMartin@cohenmilstein.com
Theodore Leopold, Esq.
TLeopold@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410

Joseph M. Sellers, Esq.
JSellers@cohenmilstein.com
Christine E. Webber, Esq.
CWebber@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave NW, Suite 500 West
Washington, DC 20005

4811-6533-0348.1 080000.1362